# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

| | |
|---|---|
| STEVEN RAY LUDLAM, | * |
| | * |
| Petitioner, | * |
| v. | * |
| | *   No. 5:10-cv-00277-SWW-JJV |
| RAY HOBBS, Director, Arkansas | * |
| Department of Correction, | * |
| | * |
| Defendant. | * |

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted)

was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing   Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>500 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

### **DISPOSITION**

Now before the Court is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 of Steven Ray Ludlam, an inmate at the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC).[1]

**I.    BACKGROUND**

On March 12, 2009, Mr. Ludlam was convicted by a jury in Lincoln County, Arkansas, of theft of property and breaking and entering. (Doc. No. 1). He was sentenced as an habitual offender to 12 years' imprisonment in the ADC. (Doc. No. 1). Mr. Ludlam sought to appeal his conviction and sentence to the Arkansas Court of Appeals. On August 11, 2009, his appellate counsel filed a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) and Arkansas Rule of the Supreme Court 4-3(k)(1) (2009). (Doc. No. 7, Ex. B1). Counsel set forth the following issues: (1) "that the trial court was correct in ruling that witness could not be told of earlier testimony at trial

---

[1]The docket sheet in this case reflects the name of Steven Ray Ludlam. However, Mr. Ludlam signs his petition with the name Steven Delassus. According to Mr. Ludlam's ADC records, the name Steven Delassus is one of Mr. Ludlam's alternate names.
*See* http://www.adc.arkansas.gov/inmate_info/search.php

because the rule on witnesses had been invoked;" (2) "that the court was correct in denying both appellant's motions for directed verdict on the issue that there was insufficient evidence of the value of the stolen property to allow for a conviction;" (3) "that the trial court was correct in denying appellant's motion for directed verdict on the issue that the taking of the property was not evidenced as unauthorized;" and (4) "that the trial court was correct in denying both appellant's motions for directed verdicts on the issue that there was insufficient evidence to convict on the count of breaking or entering because it was based on uncorroborated accomplice testimony." (Doc. No. 7, Ex. B1).

Pursuant to Arkansas Rule of the Supreme Court 4-3(k)(1), Mr. Ludlam then filed his *Pro Se* Points for Reversal. In his Points for Reversal, Mr. Ludlam asserted that his co-defendant, Brian Archa, was coerced to testify against him, that Mr. Archa's testimony and guilty plea established that Mr. Ludlam was not guilty, and his sentence was excessive. (Doc. No. 7, Ex. B2). The Arkansas Court of Appeals delivered an opinion on December 2, 2009, affirming Mr. Ludlam's conviction and sentence. (Doc. No. 7, Ex. B4). The court agreed with Mr. Ludlam's counsel that his appeal had no merit. (*Id*.). The court also found that Mr. Ludlam's *Pro Se* Points for Reversal had not been raised at the trial court and, therefore, were not preserved for appeal. (*Id*.). The court stated that even if Mr. Ludlam's points had been preserved, the court would still affirm. (*Id*.).

Mr. Ludlam filed a Rule 37 Petition for post-conviction relief on March 11, 2010. (Doc. No. 7, Ex. C1). In his Rule 37 Petition, Mr. Ludlam asserted that his trial counsel was ineffective for failing to seek a bond reduction, failing to insure that Mr. Ludlam received a speedy trial, failing to seek a continuance, failing to subpoena witnesses, and denying him the opportunity to hire other counsel. (Doc. No. 7, Ex. C1). The circuit court dismissed Mr. Ludlam's Rule 37 Petition on July 1, 2010, as untimely. (Doc. No. 7, Ex.C2).

On September 15, 2010, Mr. Ludlam filed the instant habeas petition setting forth three

grounds for relief: (1) "[t]he state did not and can not prove beyond a reason of a doubt that I did break into or enter any building or structure that belong to a person of another to commit a crime;" (2) the jury's judgment was tainted because he was placed in hand restraints in front of the jury; and (3) "the state's key witness was the one who committed the offense and admitted [] on the stand that [Mr. Ludlam] did not commit [the] offense." (Doc. No. 1). The Respondent filed a response on November 29, 2010, asserting that Mr. Ludlam's petition should be dismissed because his arguments are procedurally defaulted. (Doc. No. 7).

## II.  DISCUSSION

Mr. Ludlam's three claims for relief were not properly raised in state court and, therefore, are procedurally defaulted. A state prisoner, prior to seeking federal habeas review, must first fairly present the substance of each claim to each appropriate state court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *See* 28 U.S.C. §2254(b)(stating a state prisoner must exhaust available state court remedies before raising a claim in a federal habeas corpus proceeding). This exhaustion requirement is in place to afford the state courts the opportunity to correct any constitutional errors before the federal courts intervene. *Lenza v. Wyrick*, 665 F.2d 804, 807-8 (8th Cir. 1981); *Picard v. Connor*, 404 U.S. 270, 275 (1971) ("We have consistently adhered to this federal policy for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation")(citations omitted).

Only when the claimant has afforded the "highest state court a fair opportunity to rule on the factual and theoretical substance of his claim" will the claim be considered exhausted. *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993). Claims in a federal habeas petition that were not exhausted in state court and for which there is no remaining state court remedy are procedurally

4

defaulted. *Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir. 2006). A federal habeas petitioner's claims must rely on the "same factual and legal bases" relied on in state court. *Id*.

Where a procedural default has occurred, federal habeas review is permitted only if the petitioner can demonstrate (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, (2) or that failure to consider the claims will result in a fundamental miscarriage of justice; that is, that a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If the petitioner cannot show cause, the prejudice element need not be addressed. *McClesky v. Zant*, 499 U.S. 467, 502 (1991).

The existence of cause "must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). At a minimum, a petitioner must show that "something 'external to [him], something that cannot be fairly attributed to him,' caused the procedural default." *Ivy v. Caspari*, 173 F.3d 1136, 1140 (8th Cir. 1999) (quoting *Coleman v. Thompson*, 501 U.S. at 753).

A federal habeas petitioner who has procedurally defaulted may be able to proceed if he can prove actual innocence. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To prove actual innocence, a petitioner must present (1) "new and *reliable* evidence that was not presented to the state courts," and (2) that in light of the new evidence "it is more likely than not that no reasonable juror would have convicted him." *Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir.1997) (emphasis added). The "actual innocence gateway is very limited." *Id*. "Few petitions are within the narrow class of cases . . . implicating a fundamental miscarriage of justice." *Id*. (citations omitted). This exception only applies to claims of actual innocence and not legal innocence. *Anderson v. United*

*States*, 25 F.3d 704, 707 (8th Cir. 1994).

### A. Grounds One and Three

Mr. Ludlam's first and third grounds for relief encapsulate the same argument. He essentially argues that since another person admitted to committing the crime, he could not be found guilty beyond a reasonable doubt of committing the same crime.

Mr. Ludlam first raised this argument in his *pro se* points for reversal. (Doc. No. 7, Ex. B2). The Arkansas Court of Appeals denied his argument finding that

> Ludlam raises nine points pro se. None of these issues were raised below, and thus none are preserved for appeal. *Davis v. State*, 330 Ark. 501, 506, 956 S.W.2d 163, 165 (1997). Had these points been preserved, we would still affirm. First, Archa was subpoenaed to testify against Ludlam, but Archa was not required to testify under the terms of his guilty plea. Contrary to Ludlam's characterization, there is no evidence of coerced testimony. Second, Ludlam is not innocent simply because Archa pleaded guilty to these crimes. Ludlam was convicted as an accomplice, and the law makes no distinction between a principal and an accomplice for criminal liability. *Riggins v. State*, 317 Ark. 363, 641, 882 S.W.2d 664, 666 (1994).

(Doc. No. 7, Ex. B4).

Because Mr. Ludlam's grounds for relief were procedurally barred in state court, this Court cannot exercise jurisdiction over them unless he can prove cause and prejudice, or actual innocence. The Court finds that Mr. Ludlam has not proved cause or prejudice. He fails to establish that something external to him was the cause of his failure to properly present his claim to the state court. Furthermore, Mr. Ludlam has failed to provide any new evidence that he is actually innocent.

### B. Ground Two

Mr. Ludlam failed to present his claim that the jury's judgment was tainted because he was placed in hand restraints in front of the jury at any stage in the state court proceedings. Furthermore, Mr. Ludlam neither establishes any cause whatsoever for his failure to raise this claim, nor does he present any evidence of actual innocence; therefore this Court does not have jurisdiction to consider

6

his claim.

## III. CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1. Mr. Ludlam's Petition (Doc. No. 1) be DISMISSED with prejudice, the relief requested be DENIED, and all other pending motions be denied as moot; and

2. A certificate of appealability should be DENIED.

DATED this 4th day of January, 2011.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE